UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                          CASE NO.

DAVID L. HIGH and                               05-02076-5-ATS
MICHELLE D. HIGH,

       DEBTORS

ORDER DENYING MOTION TO AVOID JUDICIAL LIEN

The matter before the court is the debtors' motion to avoid, pursuant to 11 U.S.C. § 522(f)(1)(A), the materialmen's lien held by Wellbuilt Construction Co., Inc.  A hearing took place in Raleigh, North Carolina on August 24, 2005.

David and Michelle High filed a petition for relief under chapter 7 of the Bankruptcy Code on May 19, 2005.  Wellbuilt Construction Co. holds a lien against the Highs' real property in the amount of $33,234.04.  The lien derives from labor and materials provided by Wellbuilt when it constructed an addition to the Highs' home, which is located at 809 Worth Hinton Road, Zebulon, North Carolina.  The Highs characterize the lien as a judicial lien that impairs the homestead exemptions to which the Highs are entitled pursuant to North Carolina General Statute § 1C-1601(a)(1).

Mr. and Mrs. High claim exemptions in the amount of $20,000 in the property, which they allege has a fair market value of $175,000.  In addition to Wellbuilt's lien, the property is subject to a first

mortgage in favor of SunTrust Bank in the amount of $40,000; a second mortgage in favor of Mechanics and Farmers Bank in the amount of $136,000; and a third mortgage in favor of Mechanics and Farmers Bank in the amount of $99,000. These three liens alone total $275,000, which exceeds the stated fair market value of the property even without the addition of the exemption value and the challenged lien. Mr. and Mrs. High contend that Wellbuilt's lien should be avoided under 11 U.S.C. § 522(f)(1)(A).

North Carolina state law applies to this court's analysis of the nature and validity of the lien. See Southeastern Sav. & Loan Assoc. v. Rentenbach Constructors, Inc., 114 B.R. 441, 443-44 (E.D.N.C. 1989) (considering priority of a materialmen's lien with reference to N.C. Gen. Stat. § 44A-8), aff'd per curiam, 907 F.2d 1139 (4th Cir. 1990). The relevant statute provides as follows:

> Any person who performs or furnishes labor or professional design or surveying services or furnishes materials or furnishes rental equipment pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished or equipment rented pursuant to such contract.

N.C. Gen. Stat. § 44A-8.

A mechanics', laborers' or materialmen's lien becomes effective as of the time of the "first furnishing of labor or materials at the site of the improvement . . . ." N.C. Gen. Stat. § 44A-10. The lien

2

is perfected as of the time of the first furnishing of labor or materials at the site if the creditor files a claim of lien, in the office of the clerk of the superior court in the county where the real property is located, within 120 days of the time the creditor last furnished labor or materials at the site. N.C. Gen. Stat. §§ 44A-11, 44A-12. Materialmen's liens may be enforced pursuant to § 44A-13, which provides that the claimant may file an action to enforce the lien so long as the action is commenced within 180 days after the last furnishing of labor or materials at the site. The parties do not dispute that Wellbuilt complied with all of these requirements and therefore properly perfected its lien. Wellbuilt brought an action to enforce its lien within the allowed period of time, but that action is stayed during these bankruptcy proceedings, and no judgment has been entered.

The first issue before the court, and the court finds it to be dispositive, is whether the lien is a judicial lien. The court concludes that Wellbuilt's materialmen's lien is not a judicial lien, but rather is a statutory lien within the meaning of North Carolina General Statute § 44A-8. The lien also is within the definition of "statutory lien" found in 11 U.S.C. § 101 (53), which means a lien "arising solely by force of a statute on specified circumstances or conditions" and specifically "does not include [a] security interest or judicial lien." See 2 Collier on Bankruptcy ¶ 101.53 (noting that

3

mechanics' or contractors' liens are "[g]ood examples of statutory liens"). A statutory lien thus is qualitatively different from a judicial lien, which is defined by 11 U.S.C. § 101(36) to mean a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Other bankruptcy courts have considered whether materialmen's liens (or comparable liens, such as those held by mechanics) are judicial liens subject to avoidance under § 522(f), and have concluded that they are not. The bankruptcy court for the Northern District of West Virginia, while construing West Virginia statutes pertaining to mechanics' liens, observed that the issue is somewhat "clouded" because of "the fact that the liens must be recorded and enforced through the judicial system within specified time periods." In re Chambers, 264 B.R. 818, 822 (Bankr. N.D. W. Va. 2001). North Carolina statutory provisions regarding materialmen's liens are similar to the provisions in West Virginia regarding mechanics' liens, in that the liens arise from and are perfected by operation of the statutes but are enforced via actions brought in state court. N.C. Gen. Stat. § 44A-13. The Chambers court concluded, and this court agrees, that the judicial process necessary to enforce the liens does not change the original nature of the lien itself. 264 B.R. at 822. As noted in Collier on Bankruptcy, "the mere fact that a party has to institute judicial proceedings to enforce a valid pre-existing lien does not render that lien a judicial lien." 2 Collier on Bankruptcy ¶

4

101.36; see also Chambers, 264 B.R. at 820-21, quoting S. Rep. No. 95-989 at 27, 95th Cong., 2d Sess. (1978), U.S. Code Cong. & Admin. News 1978, at 5787, 5813 ("Mechanics', materialmens', and warehousemens' liens are examples [of statutory liens that arise automatically and are not based on an agreement or judicial action].").

Other courts have reached similar conclusions. See, e.g., In re Strother, ___ B.R. ___, 2005 WL 1862417 at *1 (10th Cir. BAP 2005) (emphasizing that statutory and judicial liens are mutually exclusive, and that "[o]nly judicial liens are subject to avoidance under § 522(f)(1)(A)"); In re Richardson, 224 B.R. 804, 809-10 (Bankr. N.D. Ok. 1998) (explaining in dicta that bankruptcy rather than state law controls which types of liens may be avoided, and that bankruptcy law excludes mortgages, tax liens, and materialmen's liens); In re Ramsey, 89 B.R. 680, 681-82 (Bankr. S.D. Ohio 1988) (holding that mechanics' liens, like materialmen's liens, are statutory rather than judicial and thus are not avoidable under § 522(f)).

Even if Wellbuilt obtains a judgment on the lien at some point in the future, the nature of the lien itself is not subject to change. The definition of a lien "turns on how the lien was created."  2 Collier on Bankruptcy ¶ 101.36.  In this case, the challenged lien was created by operation of statute, is therefore a statutory rather than judicial lien, and cannot be avoided under

§ 522(f).  Based on the foregoing, the debtors' Motion to Avoid Judicial Lien is **DENIED.**

     **SO ORDERED.**

     **DATED:  August 26, 2005**

                                   **A. Thomas Small**
                                   **United States Bankruptcy Judge**